FILED

Pro Se 4 (Rev. 12/16) Complaint for a Civil Case Alleging Breach of Contract

SEP 27 2023

UNITED STATES DISTRICT COURT **CLERK, U.S. DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**

for the

BY _____

Western District of Texas

**DEPUTY CLERK**

San Antonio Division

SA23CA1212OG

Trinidad, Andy E
_____
*Plaintiff(s)*
*(Write the full name of each plaintiff who is filing this complaint.*
*If the names of all the plaintiffs cannot fit in the space above,*
*please write "see attached" in the space and attach an additional*
*page with the full list of names.)*

-v-

Loancare, LLC
_____
*Defendant(s)*
*(Write the full name of each defendant who is being sued. If the*
*names of all the defendants cannot fit in the space above, please*
*write "see attached" in the space and attach an additional page*
*with the full list of names.)*

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Case No. _____

*(to be filled in by the Clerk's Office)*

Jury Trial: *(check one)*  ☐ Yes  ☑ No

## COMPLAINT FOR A CIVIL CASE ALLEGING BREACH OF CONTRACT
### (28 U.S.C. § 1332; Diversity of Citizenship)

## I.     The Parties to This Complaint

### A.     The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

| | |
|---|---|
| Name | Trinidad, Andy E |
| Street Address | 6726 Kingsley Edge |
| City and County | San Antonio, Bexar |
| State and Zip Code | Texas 78252 |
| Telephone Number | 210-483-3182 |
| E-mail Address | andytr210@gmail.com |

### B.     The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title *(if known)*. Attach additional pages if needed.

Pro Se 4 (Rev. 12/16) Complaint for a Civil Case Alleging Breach of Contract

Defendant No. 1

    Name     *Loan Care, LLC*

    Job or Title *(if known)*

    Street Address   *3637 Sentara Way*

    City and County   *Virginia Beach, (none)*

    State and Zip Code   *Virginia, 23452*

    Telephone Number   *1-800-274-6600*

    E-mail Address *(if known)*

Defendant No. 2

    Name

    Job or Title *(if known)*

    Street Address

    City and County

    State and Zip Code

    Telephone Number

    E-mail Address *(if known)*

Defendant No. 3

    Name

    Job or Title *(if known)*

    Street Address

    City and County

    State and Zip Code

    Telephone Number

    E-mail Address *(if known)*

Defendant No. 4

    Name

    Job or Title *(if known)*

    Street Address

    City and County

    State and Zip Code

    Telephone Number

    E-mail Address *(if known)*

## II.     Basis for Jurisdiction

Federal courts are courts of limited jurisdiction (limited power).  Under 28 U.S.C. § 1332, federal courts may hear cases in which a citizen of one State sues a citizen of another State or nation and the amount at stake is more than $75,000.  In that kind of case, called a diversity of citizenship case, no defendant may be a citizen of the same State as any plaintiff.  Explain how these jurisdictional requirements have been met.

### A.     The Plaintiff(s)

1.     If the plaintiff is an individual

The plaintiff, *(name)* _Trinidad, Andy E_ , is a citizen of the State of *(name)* _Texas_ .

2.     If the plaintiff is a corporation

The plaintiff, *(name)* _____ , is incorporated under the laws of the State of *(name)* _____ ,

and has its principal place of business in the State of *(name)*

_____ .

*(If more than one plaintiff is named in the complaint, attach an additional page providing the same information for each additional plaintiff.)*

### B.     The Defendant(s)

1.     If the defendant is an individual

The defendant, *(name)* _____ , is a citizen of the State of *(name)* _____ . Or is a citizen of *(foreign nation)* _____ .

2.     If the defendant is a corporation

The defendant, *(name)* _Loancare, LLC_ , is incorporated under the laws of the State of *(name)* _Virginia_ , and has its principal place of business in the State of *(name)* _Virginia_ .

Or is incorporated under the laws of *(foreign nation)* _____ ,

and has its principal place of business in *(name)* _____ .

*(If more than one defendant is named in the complaint, attach an additional page providing the same information for each additional defendant.)*

### C.     The Amount in Controversy

The amount in controversy–the amount the plaintiff claims the defendant owes or the amount at stake–is more than $75,000, not counting interest and costs of court, because *(explain)*:

Pro Se 4 (Rev. 12/16) Complaint for a Civil Case Alleging Breach of Contract

The defendant has failed to fulfill a legal duty resulting in a breach of contract and civil money penalty assessment pursuant to Federal Reserve Section 29.

## III.    Statement of Claim

Write a short and plain statement of the claim.  Do not make legal arguments.  State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought.  State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct.  If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph.  Attach additional pages if needed.

The plaintiff, *(name)* ~~Loancare LLC~~ Trinidad, Andy E , and the defendant,

*(name)* Loancare, LLC , made an agreement or contract on

*(date)* 5-24-2021 .  The agreement or contract was *(oral or written)* written .  Under that

agreement or contract, the parties were required to *(specify what the agreement or contract required each party to do)* perform their contractual obligations which required the plaintiff to perform their administrative process by endorsing their securities and sending back to defendant for account tender. (see exhibit A). The defendant's obligation was to perform their fiduciary duty by tendering the endorsed bill of exchange allowed by law Federal Reserve Section 16 (1) (a) and transfer the credits from the principle's balance to the principle's account for account set-off

The defendant failed to comply because *(specify what the defendant did or failed to do that failed to comply with what the agreement or contract required)* of non-performance of fiduciary duty of (exhibit A). A 2nd attempt (exhibit B) for opportunity to cure was delivered to defendant and still did not comply. A 3rd attempt (exhibit C) for default notice was delivered to defendant to comply and defendant has still failed to perform.

The plaintiff has complied with the plaintiff's obligations under the contract.

## IV.    Relief

State briefly and precisely what damages or other relief the plaintiff asks the court to order.  Do not make legal arguments.  Include any basis for claiming that the wrongs alleged are continuing at the present time.  Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts.  Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages. The defendant's failure to comply has resulted in a substantial loss by reason of breach. Based off Federal Reserve Section 29 subsection (d), the plaintiff is assessing maximum fine amounts of penalties of $1,000,000 for each day the violation continued pursuant to Federal Reserve Section 29 subsection (c) which the defendant was given 5 business days for each tier to perform their duty and failed to perform totaling 15 days. In all ordering in the amount of $15,000,000 plus court costs for relief.

## V. Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A. For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing:       9-27-2023

Signature of Plaintiff       _Andy Trinidad_

Printed Name of Plaintiff       Andy E Trinidad

       6726 Kingsley Edge
       San Antonio, Texas 78252
       210-483-3182

### B. For Attorneys

Date of signing:       _____

Signature of Attorney       _____

Printed Name of Attorney       _____

Bar Number       _____

Name of Law Firm       _____

Street Address       _____

State and Zip Code       _____

Telephone Number       _____

E-mail Address       _____

## Letter of Instructions – Claim of Credit

I Trinidad, Andy/agent on behalf of ANDY TRINIDAD/principal, hereby accept all titles, rights, interests and equity owed to ANDY TRINIDAD/principal. I hereby instruct CFO James Lauter to apply the principle's balances to the principle's accounts for account# 0061990313 and account# 0064162001 for set-off. I also instruct CFO James Lauter to communicate in writing within 5 business days once instructions are completed. If instructions can not be completed please respond in writing within 5 business days from date of delivery giving reason of non-performance of fiduciary duties. If no communication is made within 5 business days, I, Trinidad, Andy/agent on behalf of ANDY TRINIDAD/principle can assume that instructions have been completed. Thank you for your prompt attention regarding this matter.

By: Trinidad, Andy /Agent

EXHIBIT A



*Exhibit A*

*8-16-23*

**LAKEVIEW LOAN SERVICING LLC**
3637 Sentara Way
Virginia Beach          VA 23452                      **PAYOFF STATEMENT**

Andy Trinidad                    **Request Date:**      08-16-23

6726 Kingsley Edge               **Issue Date:**        08-16-23
San Antonio TX 78252

*ACCEPTED*                       **Loan Number:**        0061990313
*FOR DEPOSIT*                    **Loan Type:**          FHA
                                 **FHA Case Number:**    514-2659241

                                 **Payoff Good**
                                 **Through Date:**       09-13-23

                                 **Property Address:**                   *ACCT# 0061990313*
                                 6726 Kingsley Edge
                                 San Antonio TX 78252

| **PAYOFF AMOUNT INFORMATION** | | **CONTACT US** |
|---|---|---|
| This loan is due for the | | Customer Service |
| March 01, 2023 payment. | | (800)509-0183* |
| The current total unpaid principal | | *Calls are monitored and recorded |
| balance is: $ 267,381.76 | | to ensure quality service. |
| Interest at 3.75000%: $ 6,178.64 | | |
| Less Current Escrow | | |
| Balance: $ .00 | | **Hours** |
| Suspense Balance: $ .00 | | Monday-Friday: 8 a.m. to 10 p.m. EST |
| Total Fees and Charges:$ 3,363.82 | | Saturday: 8 a.m. to 3 p.m. EST |
| | | **Website:** |
| TOTAL AMOUNT TO PAY IN FULL:$ 276,924.22 | | WWW.LAKEVIEWLOANSERVICING.MYLOANCARE. |
| ->COM | | |

*PAY TO ->COM BEARER  Two Hundred Seventy Six Thousand Nine Hundred Twenty Four 22/100     $276,924.22*

**CONTRACTUAL AND OTHER FEES AND CHARGES DUE**

| PRO RATA PMI: | $ | 366.94 | Prepayment penalty:$ | | .00 |
|---|---|---|---|---|---|
| Processing/Recording: | $ | 30.00 | Revision Fee: | $ | .00 |
| Escrow/Impound | | | Statement Fee: | $ | .00 |
|  Overdraft: | $ | 2,753.28 | Recoverable Corporate Advance | | |
| Buydown Subsidy/Replacement | | |  Balance: | $ | 60.00 |
|  Reserve Balance: | $ | .00 | Other Fees Due: | $ | .00 |
| Unpaid Late Charges: | $ | 153.60 | | | |
| Unpaid NSF Charges: | $ | .00 | | | |

**ESCROW INFORMATION**

| Escrow Balance: | $ | .00 |
|---|---|---|
| Restricted Escrow: | $ | .00 |

Please note that tax and insurance disbursements will continue to be made
during this payoff statement period. A refund of any remaining money will be
sent to your address of record within 15 business days of payment in full.
If you are relocating, please remember to update your address on our website
which can be found on your most recent statement.

The payoff statement amount is accurate up to the date the statement is
issued.

The total amount is good through 09-13-23. Please be advised that
funds received after this date will be subject to an additional $ 27.47
per day. If this obligation is not paid-in-full by the payoff good through
date, then an updated payoff amount must be obtained. Depending on the state
law, a charge may be incurred for such a request. Issuance of this statement
does not suspend the contractual requirements to make payments when due in
in compliance with the terms of your note and security instrument. If
payments are not made on or before the expiration of the grace period, a
late charge of $ 51.20 will be assessed.

**PAYOFF REMITTANCE INSTRUCTIONS HAVE BEEN INCLUDED FOR YOUR REFERENCE.**

Exhibit A

By: Trinidad, Andy / Agent
For: ANDY TRINIDAO / Principal

*8-16-23*    *Exhibit A*

**LAKEVIEW LOAN SERVICING LLC**
3637 Sentara Way
Virginia Beach    VA 23452                    **PAYOFF STATEMENT**

Andy Trinidad                    **Request Date:**        08-16-23

6726 Kingsley Edge               **Issue Date:**          08-16-23
San Antonio TX 78252

                                 **Loan Number:**         0064162001
                                 **Loan Type:**           CONV W/O PMI

                                 **Payoff Good**
                                 **Through Date:**        09-13-23

                                 **Property Address:**
                                 6726 Kingsley Edge       *ACCT# 0064162001*
                                 San Antonio TX 78252

| **PAYOFF AMOUNT INFORMATION** | **CONTACT US** |
|---|---|
| This loan is due for the | **Customer Service** |
| **June 01, 2028 payment.** | (800) 509-0183* |
| The current total unpaid principal | *Calls are monitored and recorded |
| balance is:        $      9,351.54 | to ensure quality service. |
| Interest at 0.00000%: $         .00 | |
| Less Current Escrow | |
| Balance:           $         .00 | **Hours** |
| Suspense Balance:  $         .00 | Monday-Friday: 8 a.m. to 10 p.m. EST |
| Total Fees and Charges:$    30.00 | Saturday: 8 a.m. to 3 p.m. EST |
| | **Website:** |

TOTAL AMOUNT TO PAY IN FULL:$ 9,381.54 WWW.LAKEVIEWLOANSERVICING.MYLOANCARE.CO
->M
->M *PAY TO BEARER    Nine Thousand Three Hundred Eighty One 54/100*    *$9,381.54*

**CONTRACTUAL AND OTHER FEES AND CHARGES DUE**

| | | | | | |
|---|---|---|---|---|---|
| PRO RATA PMI: | $ | .00 | Prepayment penalty:$ | | .00 |
| Processing/Recording: | $ | 30.00 | Revision Fee: | $ | .00 |
| Escrow/Impound | | | Statement Fee: | $ | .00 |
| Overdraft: | $ | .00 | Recoverable Corporate Advance | | |
| Buydown Subsidy/Replacement | | | Balance: | $ | .00 |
| Reserve Balance: | $ | .00 | Other Fees Due: | $ | .00 |
| Unpaid Late Charges: | $ | .00 | | | |
| Unpaid NSF Charges: | $ | .00 | | | |

**ESCROW INFORMATION**

| | | |
|---|---|---|
| Escrow Balance: | $ | .00 |
| Restricted Escrow: | $ | .00 |

Please note that tax and insurance disbursements will continue to be made
during this payoff statement period. A refund of any remaining money will be
sent to your address of record within 15 business days of payment in full.
If you are relocating, please remember to update your address on our website
which can be found on your most recent statement.

The payoff statement amount is accurate up to the date the statement is
issued.

The total amount is good through 09-13-23. Please be advised that
funds received after this date will be subject to an additional $.00
per day. If this obligation is not paid-in-full by the payoff good through
date, then an updated payoff amount must be obtained. Depending on the state
law, a charge may be incurred for such a request. Issuance of this statement
does not suspend the contractual requirements to make payments when due in
in compliance with the terms of your note and security instrument. If
payments are not made on or before the expiration of the grace period, a
late charge of $.00 will be assessed.

**PAYOFF REMITTANCE INSTRUCTIONS HAVE BEEN INCLUDED FOR YOUR REFERENCE.**



*Exhibit C*

**LAKEVIEW LOAN SERVICING LLC**
3637 Sentara Way
Virginia Beach      VA 23452

*COPY*        *8-16-23*

**PAYOFF STATEMENT**

Andy Trinidad

6726 Kingsley Edge
San Antonio TX 78252

*ACCEPTED FOR DEPOSIT*

| | |
|---|---|
| **Request Date:** | 08-16-23 |
| **Issue Date:** | 08-16-23 |
| **Loan Number:** | 0001900313 |
| **Loan Type:** | FHA |
| **FHA Case Number:** | 114-2689241 |
| **Payoff Good Through Date:** | 09-13-23 |

**Property Address:**
6726 Kingsley Edge
San Antonio TX 78252

## PAYOFF AMOUNT INFORMATION
**This loan is due for the March 01, 2023 payment.**
The current total unpaid principal balance is:  $ 267,381.76
Interest at  3.75000%: $  6,178.63
Less Current Escrow Balance:  $  .00
Suspense Balance: $  .00
Total Fees and Charges:$  3,363.83

TOTAL AMOUNT TO PAY IN FULL:$ 276,921.22

## CONTACT US
**Customer Service**
(800)509-0183*
*Calls are monitored and recorded to ensure quality service.

**Hours**
Monday-Friday: 8 a.m. to 10 p.m. EST
Saturday: 8 a.m. to 3 p.m. EST
**Website:**
WWW.LAKEVIEWLOANSERVICING.MYLOANCARE.COM

*PAY TO BEARER   Two Hundred Seventy Six Thousand Nine Hundred Twenty Four 22/100*

*$276,974.22*

### CONTRACTUAL AND OTHER FEES AND CHARGES DUE

| | | | | |
|---|---|---|---|---|
| PRO RATA PMI: | $  366.94 | Prepayment penalty:$ | | .00 |
| Processing/Recording: | $  30.00 | Revision Fee: | $ | .00 |
| Escrow/Impound Overdraft: | $  2,753.28 | Statement Fee: | $ | .00 |
| Buydown Subsidy/Replacement Reserve Balance: | $  .00 | Recoverable Corporate Advance Balance: | $ | 60.00 |
| Unpaid Late Charges: | $  153.60 | Other Fees Due: | $ | .00 |
| Unpaid NSF Charges: | $  .00 | | | |

### ESCROW INFORMATION

| | | |
|---|---|---|
| Escrow Balance: | $ | .00 |
| Restricted Escrow: | $ | .00 |

Please note that tax and insurance disbursements will continue to be made during this payoff statement period. A refund of any remaining money will be sent to your address of record within 15 business days of payment in full. If you are relocating, please remember to update your address on our website which can be found on your most recent statement.

The payoff statement amount is accurate up to the date the statement is issued.

The total amount is good through 09-13-23. Please be advised that funds received after this date will be subject to an additional $ 20.47 per day. If this obligation is not paid-in-full by the payoff good through date, then an updated payoff amount must be obtained. Depending on the state law, a charge may be incurred for such a request. Issuance of this statement does not suspend the contractual requirements to make payments when due in in compliance with the terms of your note and security instrument. If payments are not made on or before the expiration of the grace period, a late charge of $ 51.25 will be assessed.

**PAYOFF REMITTANCE INSTRUCTIONS HAVE BEEN INCLUDED FOR YOUR REFERENCE.**

Exhibit C

Copy

By: Trinidad, Andy/Agent
For: Andy TRINIDAD/Principal
(without recourse)

*Exhibit C*

**LAKEVIEW LOAN SERVICING LLC**
3637 Sentara Way
Virginia Beach            VA 23452

COPY            8-16-23

**PAYOFF STATEMENT**

Irah; Trinidad

6726 Kingsley Edge
San Antonio TX 78253

*ACCEPTED FOR DEPOSIT*

| | |
|---|---|
| Request Date: | 08-16-23 |
| Issue Date: | 08-16-23 |
| Loan Number: | 0064162001 |
| Loan Type: | CONV W/O PMI |
| Payoff Good Through Date: | 09-13-23 |

**Property Address:**
6726 Kingsley Edge
San Antonio TX 78253

## PAYOFF AMOUNT INFORMATION
This loan is due for the
June 01, 2028 payment.
The current total unpaid principal
balance is:          $     9,351.54
Interest at 0.00000%: $         .00
Less Current Escrow
Balance:              $         .00
Suspense Balance:     $         .00
Total Fees And Charges:$      30.00

TOTAL AMOUNT TO PAY IN FULL:$ 9,381.54  WWW.LAKEVIEWLOANSERVICING.MYLOANCARE.CO
→ PAY TO BEARER  Nine Thousand Three Hundred Eighty One 54/100   $9,381 54

## CONTACT US
Customer Service
(800)509-0183
*Calls are monitored and recorded
to ensure quality service.

**Hours**
Monday-Friday: 8 a.m. to 10 p.m. EST
Saturday: 8 a.m. to 3 p.m. EST
**Website:**

## CONTRACTUAL AND OTHER FEES AND CHARGES DUE
| | | | |
|---|---|---|---|
| PRO RATA PMT: | $ .00 | Prepayment penalty:$ | .00 |
| Processing/Recording: | $ 30.00 | Revision Fee: $ | .00 |
| Escrow/Impound | | Statement Fee: $ | .00 |
| Overdraft: | $ .00 | Recoverable Corporate Advance | |
| Buydown Subsidy/Replacement | | Balance: $ | .00 |
| Reserve Balance: | $ .00 | Other Fees Due: $ | .00 |
| Unpaid Late Charges: | $ .00 | | |
| Unpaid NSF Charges: | $ .00 | | |

## ESCROW INFORMATION
Escrow Balance:                    $    .00
Restricted Escrow:                 $    .00

Please note that tax and insurance disbursements will continue to be made
during this payoff statement period. A refund of any remaining money will be
sent to your address of record within 15 business days of payment in full.
If you are relocating, please remember to update your address on our website
which can be found on your most recent statement.

The payoff statement amount is accurate up to the date the statement is
issued.

The total amount is good through 09-13-23. Please be advised that
funds received after this date will be subject to an additional $.00
per day. If this obligation is not paid-in-full by the payoff good through
date, then an updated payoff amount must be obtained. Depending on the state
law, a charge may be incurred for such a request. Issuance of this statement
does not suspend the contractual requirements to make payments when due in
compliance with the terms of your note and security instrument. If
payments are not made on or before the expiration of the grace period, a
late charge of $.00 will be assessed.

**PAYOFF REMITTANCE INSTRUCTIONS HAVE BEEN INCLUDED FOR YOUR REFERENCE.**

Exhibit C

c of 1

By:- Trinidad, Arcy/Agent
FoR: ANDY TRINIDAD/Principal
    (without recourse)



# Federal Reserve Act

## Section 16. Note Issues

### 1. Issuance of Federal Reserve notes; nature of obligation; where redeemable

Federal reserve notes, to be issued at the discretion of the Board of Governors of the Federal Reserve System for the purpose of making advances to Federal reserve banks through the Federal reserve agents as hereinafter set forth and for no other purpose, are hereby authorized. The said notes shall be obligations of the United States and shall be receivable by all national and member banks and Federal reserve banks and for all taxes, customs, and other public dues. They shall be redeemed in lawful money on demand at the Treasury Department of the United States, in the city of Washington, District of Columbia, or at any Federal Reserve bank.

[12 USC 411. As amended by act of Jan. 30, 1934 (48 Stat. 337). For redemption of Federal reserve notes whose bank of issue cannot be identified, see act of June 13, 1933.]

### 2. Application for notes by Federal Reserve banks

Any Federal Reserve bank may make application to the local Federal Reserve agent for such amount of the Federal Reserve notes hereinbefore provided for as it may require. Such application shall be accompanied with a tender to the local Federal Reserve agent of collateral in amount equal to the sum of the Federal Reserve notes thus applied for and issued pursuant to such application. The collateral security thus offered shall be notes, drafts, bills of exchange, or acceptances acquired under section 10A, 10B, 13, or 13A of this Act, or bills of exchange endorsed by a member bank of any Federal Reserve district and purchased under the provisions of section 14 of this Act, or bankers' acceptances purchased under the provisions of said section 14, or gold certificates, or Special Drawing Right certificates, or any obligations which are direct obligations of, or are fully guaranteed as to principal and interest by, the United States or any agency thereof, or assets that Federal Reserve banks may purchase or hold under section 14 of this Act or any other asset of a Federal reserve bank. In no event shall such collateral security be less than the amount of Federal Reserve notes applied for. The Federal Reserve agent shall each day notify the Board of Governors of the Federal Reserve System of all issues and withdrawals of Federal Reserve notes to and by the Federal Reserve bank to which he is accredited. The said Board of Governors of the Federal Reserve System may at any time call upon a Federal Reserve bank for additional security to protect the Federal Reserve notes issued to it. Collateral shall not be required for Federal Reserve notes which are held in the vaults of, or are otherwise held by or on behalf of, Federal Reserve banks.

[12 USC 412. As amended by the acts of Sept. 7, 1916 (39 Stat. 754); June 21, 1917 (40 Stat. 236); Feb. 27, 1932 (47 Stat. 57); Feb. 3, 1933 (47 Stat. 794), Jan. 30, 1934 (48 Stat. 338); March 6, 1934 (48 Stat. 991); June 30, 1941 (55 Stat. 395); May 25, 1943 (57 Stat. 85); June 12, 1945 (59 Stat. 237); June 19, 1968 (82 Stat. 189); Nov. 10, 1978 (92 Stat. 3672); March 31, 1980 (94 Stat. 140); Dec. 6, 1999 (113 Stat. 1638); and Oct. 28, 2003 (117 Stat. 1193).]

### 3. Distinctive letter on notes; destruction of unfit notes

# Federal Reserve Act

## Section 29. Civil Money Penalty

**(a) First Tier.** Any member bank which, and any institution-affiliated party (within the meaning of section 3(u) of the Federal Deposit Insurance Act) with respect to such member bank who, violates any provision of section 22, 23A, or 23B, or any regulation issued pursuant thereto, shall forfeit and pay a civil penalty of not more than $5,000 for each day during which such violation continues.

[12 USC 504(a). As added by act of Nov. 10, 1978 (92 Stat. 3641) and amended by acts of Oct. 15, 1982 (96 Stat. 1523) and Aug. 9, 1989 (103 Stat. 470).]

**(b) Second Tier.** Notwithstanding subsection (a), any member bank which, and any institution-affiliated party (within the meaning of section 3(u) of the Federal Deposit Insurance Act) with respect to such member bank who

1.   A. commits any violation described in subsection (a);
   B. recklessly engages in an unsafe or unsound practice in conducting the affairs of such member bank; or
   C. breaches any fiduciary duty;

2. which violation, practice, or breach--

   A. is part of a pattern of misconduct;
   B. causes or is likely to cause more than a minimal loss to such member bank; or
   C. results in pecuniary gain or other benefit to such party,

shall forfeit and pay a civil penalty of not more than $25,000 for each day during which such violation, practice, or breach continues.

[12 USC 504(b). As added by act of Nov. 10, 1978 (92 Stat. 3641) and amended by act of Aug. 9, 1989 (103 Stat. 470).]

**(c) Third Tier.** Notwithstanding subsections (a) and (b), any member bank which, and any institution-affiliated party (within the meaning of section 3(u) of the Federal Deposit Insurance Act) with respect to such member bank who--

1. knowingly--

   A. commits any violation described in subsection (a);
   B. engages in any unsafe or unsound practice in conducting the affairs of such credit union; or
   C. breaches any fiduciary duty; and

2. knowingly or recklessly causes a substantial loss to such credit union or a substantial pecuniary gain or other benefit to such party by reason of such violation, practice, or breach,

shall forfeit and pay a civil penalty in an amount not to exceed the applicable maximum amount determined under subsection (d) for each day during which such violation, practice, or breach continues.

[12 USC 504(c). As added by act of Nov. 10, 1978 (72 Stat. 3641) and amended by act of Aug. 9, 1989 (103 Stat. 470).]



**(d) Maximum Amounts Of Penalties For Any Violation Described In Subsection (c).** The maximum daily amount of any civil penalty which may be assessed pursuant to subsection (c) for any violation, practice, or breach described in such subsection is--

    1. in the case of any person other than a member bank, an amount to not exceed $1,000,000; and
    2. in the case of a member bank, an amount not to exceed the lesser of --

        A. $1,000,000; or
        B. 1 percent of the total assets of such member bank.

[12 USC 504(d). As added by act of Nov. 10, 1978 (92 Stat. 3641) and amended by acts of Oct. 15, 1982 (96 Stat. 1523) and Aug. 9, 1989 (103 Stat. 470).]

**(e) Assessment, Etc.** Any penalty imposed under subsection (a), (b), or (c) shall be assessed and collected by

    1. in the case of a national bank, by the Comptroller of the Currency; and
    2. in the case of a State member bank, by the Board,

in the manner provided in subparagraphs (E), (F), (G), and (I) of section 8(i)(2) of the Federal Deposit Insurance Act for penalties imposed (under such section) and any such assessment shall be subject to the provisions of such section.

[12 USC 504(e). As added by act of Nov. 10, 1978 (92 Stat. 3641) and amended by act of Aug. 9, 1989 (103 Stat. 470).]

**(f) Hearing.** The member bank or other person against whom any penalty is assessed under this section shall be afforded an agency hearing if such member bank or person submits a request for such hearing within 20 days after the issuance of the notice of assessment. Section 8(h) of the Federal Deposit Insurance Act shall apply to any proceeding under this section.

[12 USC 504(f). As added by act of Nov. 10, 1978 (92 Stat. 3641) and amended by act of Aug. 9, 1989 (103 Stat. 470).]

**(g) Disbursement.** All penalties collected under authority of this paragraph shall be deposited into the Treasury.

[12 USC 504(g). As added by act of Nov. 10, 1978 (92 Stat. 3641) and amended by act of Aug. 9, 1989 (103 Stat. 470).]

**(h) Violate Defined.** For purposes of this section, the term "violate" includes any action (alone or with another or others) for or toward causing, bringing about, participating in, counseling, or aiding or abetting a violation.

[12 USC 504(h). As added by act of Aug. 9, 1989 (103 Stat. 470).]

**(i) Regulations.** The Comptroller of the Currency and the Board shall prescribe regulations establishing such procedures as may be necessary to carry out this section.

[12 USC 504(i). As added by act of Aug. 9, 1989 (103 Stat. 470).]

**(m)* Notice Under This Section After Separation From Service.** The resignation, termination of employment or participation, or separation of an institution-affiliated party (within the meaning of section 3(u) of the Federal Deposit Insurance Act) with respect to a member bank (including a separation caused by the closing of such a bank) shall not affect the jurisdiction and authority of the appropriate Federal banking agency to issue any notice and proceed under

Exhibit B

COPY

By:- Trinidad, Andy/Agent
For: ANDY TRINIDAD/Principal
(without recourse)

# Federal Reserve Act

## Section 16. Note Issues

### 1. Issuance of Federal Reserve notes; nature of obligation; where redeemable

Federal reserve notes, to be issued at the discretion of the Board of Governors of the Federal Reserve System for the purpose of making advances to Federal reserve banks through the Federal reserve agents as hereinafter set forth and for no other purpose, are hereby authorized. The said notes shall be obligations of the United States and shall be receivable by all national and member banks and Federal reserve banks and for all taxes, customs, and other public dues. They shall be redeemed in lawful money on demand at the Treasury Department of the United States, in the city of Washington, District of Columbia, or at any Federal Reserve bank.

[12 USC 411. As amended by act of Jan. 30, 1934 (48 Stat. 337). For redemption of Federal reserve notes whose bank of issue cannot be identified, see act of June 13, 1933.]

### 2. Application for notes by Federal Reserve banks

Any Federal Reserve bank may make application to the local Federal Reserve agent for such amount of the Federal Reserve notes hereinbefore provided for as it may require. Such application shall be accompanied with a tender to the local Federal Reserve agent of collateral in amount equal to the sum of the Federal Reserve notes thus applied for and issued pursuant to such application. The collateral security thus offered shall be notes, drafts, bills of exchange, or acceptances acquired under section 10A, 10B, 13, or 13A of this Act, or bills of exchange endorsed by a member bank of any Federal Reserve district and purchased under the provisions of section 14 of this Act, or bankers' acceptances purchased under the provisions of said section 14, or gold certificates, or Special Drawing Right certificates, or any obligations which are direct obligations of, or are fully guaranteed as to principal and interest by, the United States or any agency thereof, or assets that Federal Reserve banks may purchase or hold under section 14 of this Act or any other asset of a Federal reserve bank. In no event shall such collateral security be less than the amount of Federal Reserve notes applied for. The Federal Reserve agent shall each day notify the Board of Governors of the Federal Reserve System of all issues and withdrawals of Federal Reserve notes to and by the Federal Reserve bank to which he is accredited. The said Board of Governors of the Federal Reserve System may at any time call upon a Federal Reserve bank for additional security to protect the Federal Reserve notes issued to it. Collateral shall not be required for Federal Reserve notes which are held in the vaults of, or are otherwise held by or on behalf of, Federal Reserve banks.

[12 USC 412. As amended by the acts of Sept. 7, 1916 (39 Stat. 754); June 21, 1917 (40 Stat. 236); Feb. 27, 1932 (47 Stat. 57); Feb. 3, 1933 (47 Stat. 794); Jan. 30, 1934 (48 Stat. 338); March 6, 1934 (48 Stat. 991); June 30, 1941 (55 Stat. 395); May 25, 1943 (57 Stat. 85); June 12, 1945 (59 Stat. 237); June 19, 1968 (82 Stat. 189); Nov. 10, 1978 (92 Stat. 3672); March 31, 1980 (94 Stat. 140); Dec. 6, 1999 (113 Stat. 1638); and Oct. 28, 2003 (117 Stat. 1193).]

### 3. Distinctive letter on notes; destruction of unfit notes

Exhibit B

# Federal Reserve Act

## Section 29. Civil Money Penalty

**(a) First Tier.** Any member bank which, and any institution-affiliated party (within the meaning of section 3(u) of the Federal Deposit Insurance Act) with respect to such member bank who, violates any provision of section 22, 23A, or 23B, or any regulation issued pursuant thereto, shall forfeit and pay a civil penalty of not more than $5,000 for each day during which such violation continues.

[12 USC 504(a). As added by act of Nov. 10, 1978 (92 Stat. 3641) and amended by acts of Oct. 15, 1982 (96 Stat. 1523) and Aug. 9, 1989 (103 Stat. 470).]

**(b) Second Tier.** Notwithstanding subsection (a), any member bank which, and any institution-affiliated party (within the meaning of section 3(u) of the Federal Deposit Insurance Act) with respect to such member bank who

1.   A. commits any violation described in subsection (a);
     B. recklessly engages in an unsafe or unsound practice in conducting the affairs of such member bank; or
     C. breaches any fiduciary duty;

2. which violation, practice, or breach—

     A. is part of a pattern of misconduct;
     B. causes or is likely to cause more than a minimal loss to such member bank; or
     C. results in pecuniary gain or other benefit to such party,

shall forfeit and pay a civil penalty of not more than $25,000 for each day during which such violation, practice, or breach continues.

[12 USC 504(b). As added by act of Nov. 10, 1978 (92 Stat. 3641) and amended by act of Aug. 9, 1989 (103 Stat. 470).]

**(c) Third Tier.** Notwithstanding subsections (a) and (b), any member bank which, and any institution-affiliated party (within the meaning of section 3(u) of the Federal Deposit Insurance Act) with respect to such member bank who—

1. knowingly--

     A. commits any violation described in subsection (a);
     B. engages in any unsafe or unsound practice in conducting the affairs of such credit union; or
     C. breaches any fiduciary duty; and

2. knowingly or recklessly causes a substantial loss to such credit union or a substantial pecuniary gain or other benefit to such party by reason of such violation, practice, or breach,

shall forfeit and pay a civil penalty in an amount not to exceed the applicable maximum amount determined under subsection (d) for each day during which such violation, practice, or breach continues.

[12 USC 504(c). As added by act of Nov. 10, 1978 (72 Stat. 3641) and amended by act of Aug. 9, 1989 (103 Stat. 470).]

Exhibit B

**(d) Maximum Amounts Of Penalties For Any Violation Described In Subsection (c).** The maximum daily amount of any civil penalty which may be assessed pursuant to subsection (c) for any violation, practice, or breach described in such subsection is--

    1. in the case of any person other than a member bank, an amount to not exceed $1,000,000; and
    2. in the case of a member bank, an amount not to exceed the lesser of --

        A. $1,000,000; or
        B. 1 percent of the total assets of such member bank.

[12 USC 504(d). As added by act of Nov. 10, 1978 (92 Stat. 3641) and amended by acts of Oct. 15, 1982 (96 Stat. 1523) and Aug. 9, 1989 (103 Stat. 470).]

**(e) Assessment, Etc.** Any penalty imposed under subsection (a), (b), or (c) shall be assessed and collected by

    1. in the case of a national bank, by the Comptroller of the Currency; and
    2. in the case of a State member bank, by the Board,

in the manner provided in subparagraphs (E), (F), (G), and (I) of section 8(i)(2) of the Federal Deposit Insurance Act for penalties imposed (under such section) and any such assessment shall be subject to the provisions of such section.

[12 USC 504(e). As added by act of Nov. 10, 1978 (92 Stat. 3641) and amended by act of Aug. 9, 1989 (103 Stat. 470).]

**(f) Hearing.** The member bank or other person against whom any penalty is assessed under this section shall be afforded an agency hearing if such member bank or person submits a request for such hearing within 20 days after the issuance of the notice of assessment. Section 8(h) of the Federal Deposit Insurance Act shall apply to any proceeding under this section.

[12 USC 504(f). As added by act of Nov. 10, 1978 (92 Stat. 3641) and amended by act of Aug. 9, 1989 (103 Stat. 470).]

**(g) Disbursement.** All penalties collected under authority of this paragraph shall be deposited into the Treasury.

[12 USC 504(g). As added by act of Nov. 10, 1978 (92 Stat. 3641) and amended by act of Aug. 9, 1989 (103 Stat. 470).]

**(h) Violate Defined.** For purposes of this section, the term "violate" includes any action (alone or with another or others) for or toward causing, bringing about, participating in, counseling, or aiding or abetting a violation.

[12 USC 504(h). As added by act of Aug. 9, 1989 (103 Stat. 470).]

**(i) Regulations.** The Comptroller of the Currency and the Board shall prescribe regulations establishing such procedures as may be necessary to carry out this section.

[12 USC 504(i). As added by act of Aug. 9, 1989 (103 Stat. 470).]

**(m)* Notice Under This Section After Separation From Service.** The resignation, termination of employment or participation, or separation of an institution-affiliated party (within the meaning of section 3(u) of the Federal Deposit Insurance Act) with respect to a member bank (including a separation caused by the closing of such a bank) shall not affect the jurisdiction and authority of the appropriate Federal banking agency to issue any notice and proceed under

## NOTICE OF DEFAULT

I Trinidad, Andy/Agent on behalf of ANDY TRINIDAD/principal, hereby accept all titles, rights, interests and equity owed to ANDY TRINIDAD/principal. I hereby instruct CFO James Lauter to apply the principle's balances to the principle's accounts for account# 0061990313 and account# 0064162001 for set-off. I also instruct CFO James Lauter to communicate in writing within 5 business days once instructions are completed. If instructions can not be completed please respond in writing within 5 business days from date of delivery giving reason of non-performance of fiduciary duties. If no communication is made within 5 business days, I, Trinidad, Andy/agent on behalf of ANDY TRINIDAD/principle can assume that instructions have been completed. Thank you for your prompt attention regarding this matter.

By : Trinidad, Andy/Agent
without recourse



## Letter of Instructions

## Notice of Fault in Dishonor
## Opportunity to Cure

I Trinidad, Andy/agent on behalf of ANDY TRINIDAD/principal, hereby accept all titles, rights, interests and equity owed to ANDY TRINIDAD/principal. I hereby instruct CFO James Lauter to apply the principle's balances to the principle's accounts for account# 0061990313 and account# 0064162001 for set-off. I also instruct CFO James Lauter to communicate in writing within 5 business days once instructions are completed. If instructions can not be completed please respond in writing within 5 business days from date of delivery giving reason of non-performance of fiduciary duties. If no communication is made within 5 business days, I, Trinidad, Andy/agent on behalf of ANDY TRINIDAD/principle can assume that instructions have been completed. Thank you for your prompt attention regarding this matter.

By: Trinidad, Andy /Agent
without recourse



UNITED STATES
POSTAL SERVICE.

CASTROVILLE
1305 US HIGHWAY 90 W
CASTROVILLE, TX 78009-9998

7022 0410 0001 0010 9560



U.S. Postal Service™
CERTIFIED MAIL® RECEIPT
Domestic Mail Only

For delivery information, visit our website at www.usps.com®.

Virginia Beach, VA 23452

Certified Mail Fee $4.35

Extra Services & Fees (check box, add fee as appropriate)
☐ Return Receipt (hardcopy)
☐ Return Receipt (electronic)
☐ Certified Mail Restricted Delivery
☐ Adult Signature Required
☐ Adult Signature Restricted Delivery

Postage $9.65

Total Postage and Fees $17.00

Sent To  LOANCARE LLC CRO SAMES LATTER

Street and Apt. No., or PO Box No.  3637 SENTARA WAY

City, State, ZIP+4®  VIRGINIA BEACH VA 23452

PS Form 3800, April 2015 PSN 7530-02-000-9047    See Reverse for Instructions

Postmark
Here

08/06/2023
SEP
0009
03

AID: A0000000980840    Contactless
AL: US DEBIT

Text your tracking number to 28777 (2USPS)

Exhibit B

**LAKEVIEW LOAN SERVICING LLC**
3637 Sentara Way
Virginia Beach     VA 23452

*COPY*     8-16-23

**PAYOFF STATEMENT**

Andy Trinidad

6726 Kingsley Edge
San Antonio TX 78252

*ACCEPTED FOR DEPOSIT*

| | |
|---|---|
| **Request Date:** | 08-16-23 |
| **Issue Date:** | 08-16-23 |
| **Loan Number:** | 0061990313 |
| **Loan Type:** | FHA |
| **FHA Case Number:** | 514-2659241 |
| **Payoff Good Through Date:** | 09-13-23 |

**Property Address:**
6726 Kingsley Edge
San Antonio TX 78252

---

**PAYOFF AMOUNT INFORMATION**
**This loan is due for the March 01, 2023 payment.**
The current total unpaid principal
balance is: $ 267,381.76
Interest at 3.75000%: $ 6,178.64
Less Current Escrow
Balance: $ .00
Suspense Balance: $ .00
Total Fees and Charges:$ 3,363.82

TOTAL AMOUNT TO PAY IN FULL:$ 276,924.22
->COM
->COM

PAY TO BEARER     Two Hundred Seventy Six Thousand Nine Hundred Twenty Four 22/100

**CONTACT US**
**Customer Service**
      (800) 509-0183*
*Calls are monitored and recorded
to ensure quality service.

**Hours**
Monday-Friday: 8 a.m. to 10 p.m. EST
Saturday: 8 a.m. to 3 p.m. EST
**Website:**
WWW.LAKEVIEWLOANSERVICING.MYLOANCARE.

$276,924.22

---

**CONTRACTUAL AND OTHER FEES AND CHARGES DUE**

| | | | | |
|---|---|---|---|---|
| PRO RATA PMI: | $ 366.94 | Prepayment penalty:$ | | .00 |
| Processing/Recording: | $ 30.00 | Revision Fee: | $ | .00 |
| Escrow/Impound | | Statement Fee: | $ | .00 |
| Overdraft: | $ 2,753.28 | Recoverable Corporate Advance | | |
| Buydown Subsidy/Replacement | | Balance: | $ | 60.00 |
| Reserve Balance: | $ .00 | Other Fees Due: | $ | .00 |
| Unpaid Late Charges: | $ 153.60 | | | |
| Unpaid NSF Charges: | $ .00 | | | |

---

**ESCROW INFORMATION**

| | | |
|---|---|---|
| Escrow Balance: | $ | .00 |
| Restricted Escrow: | $ | .00 |

---

Please note that tax and insurance disbursements will continue to be made
during this payoff statement period. A refund of any remaining money will be
sent to your address of record within 15 business days of payment in full.
If you are relocating, please remember to update your address on our website
which can be found on your most recent statement.

The payoff statement amount is accurate up to the date the statement is
issued.

The total amount is good through 09-13-23. Please be advised that
funds received after this date will be subject to an additional $ 27.47
per day. If this obligation is not paid-in-full by the payoff good through
date, then an updated payoff amount must be obtained. Depending on the state
law, a charge may be incurred for such a request. Issuance of this statement
does not suspend the contractual requirements to make payments when due in
in compliance with the terms of your note and security instrument. If
payments are not made on or before the expiration of the grace period, a
late charge of $ 51.20 will be assessed.

**PAYOFF REMITTANCE INSTRUCTIONS HAVE BEEN INCLUDED FOR YOUR REFERENCE.**

Exhibit B

COPY

By: Trinidad, Andy/Agent
FOR: ANDY TRINIDAD/Principal
(WithOut recourse)

*Exhibit B*

**LAKEVIEW LOAN SERVICING LLC**
3637 Sentara Way
Virginia Beach      VA 23452

COPY        8-16-23

**PAYOFF STATEMENT**

Andy Trinidad

6726 Kingsley Edge
San Antonio TX 78252

ACCEPTED FOR DEPOSIT

| | |
|---|---|
| Request Date: | 08-16-23 |
| Issue Date: | 08-16-23 |
| Loan Number: | 0064162001 |
| Loan Type: | CONV W/O PMI |
| Payoff Good Through Date: | 09-13-23 |

**Property Address:**
6726 Kingsley Edge
San Antonio TX 78252

---

**PAYOFF AMOUNT INFORMATION**

This loan is due for the
June 01, 2028 payment.
The current total unpaid principal

| | | |
|---|---|---|
| balance is: | $ | 9,351.54 |
| Interest at 0.00000% at | $ | .00 |
| Less Current Escrow Balance: | $ | .00 |
| Suspense Balance: | $ | .00 |
| Total Fees and Charges: | $ | 30.00 |

TOTAL AMOUNT TO PAY IN FULL: $ 9,381.54

**CONTACT US**
Customer Service
(800)509-0183*
*Calls are monitored and recorded
to ensure quality service.

**Hours**
Monday-Friday: 8 a.m. to 10 p.m. EST
Saturday: 8 a.m. to 3 p.m. EST
**Website:**
WWW.LAKEVIEWLOANSERVICING.MYLOANCARE.CO

->M
->M PAY TO BEARER    Nine Thousand Three Hundred Eighty One 54/100    $9,381.54

---

**CONTRACTUAL AND OTHER FEES AND CHARGES DUE**

| | | | | | |
|---|---|---|---|---|---|
| PRO RATA PMT: | $ | .00 | Prepayment penalty: | $ | .00 |
| Processing/Recording: | $ | 30.00 | Revision Fee: | $ | .00 |
| Escrow/Impound | | | Statement Fee: | $ | .00 |
| Overdraft: | $ | .00 | Recoverable Corporate Advance | | |
| Buydown Subsidy/Replacement | | | Balance: | $ | .00 |
| Reserve Balance: | $ | .00 | Other Fees Due: | $ | .00 |
| Unpaid Late Charges: | $ | .00 | | | |
| Unpaid NSF Charges: | $ | .00 | | | |

---

**ESCROW INFORMATION**

| | | |
|---|---|---|
| Escrow Balance: | $ | .00 |
| Restricted Escrow: | $ | .00 |

---

Please note that tax and insurance disbursements will continue to be made
during this payoff statement period. A refund of any remaining money will be
sent to your address of record within 15 business days of payment in full.
If you are relocating, please remember to update your address on our website
which can be found on your most recent statement.

The payoff statement amount is accurate up to the date the statement is
issued.

The total amount is good through 09-13-23. Please be advised that
funds received after this date will be subject to an additional $.00
per day. If this obligation is not paid-in-full by the payoff good through
date, then an updated payoff amount must be obtained. Depending on the state
law, a charge may be incurred for such a request. Issuance of this statement
does not suspend the contractual requirements to make payments when due in
in compliance with the terms of your note and security instrument. If
payments are not made on or before the expiration of the grace period, a
late charge of $.00 will be assessed.

**PAYOFF REMITTANCE INSTRUCTIONS HAVE BEEN INCLUDED FOR YOUR REFERENCE.**

Exhibit A

By: Trinidad, Andy/Agent
for: ANDY TRINIDAD/Principal
(without recourse)

*Exhibit A*

### *DURABLE POWER OF ATTORNEY*

NOTICE: THE POWERS GRANTED BY THIS DOCUMENT ARE BROAD AND
SWEEPING. THEY ARE EXPLAINED IN THE DURABLE POWER OF ATTORNEY
ACT, SUBTITLE P, TITLE 2, ESTATES CODE. IF YOU HAVE ANY QUESTIONS
ABOUT THESE POWERS, OBTAIN COMPETENT LEGAL ADVICE. THIS DOCUMENT
DOES NOT AUTHORIZE ANYONE TO MAKE MEDICAL AND OTHER HEALTH-
CARE DECISIONS FOR YOU. YOU MAY REVOKE THIS POWER OF ATTORNEY IF
YOU LATER WISH TO DO SO. IF YOU WANT YOUR AGENT TO HAVE THE
AUTHORITY TO SIGN HOME EQUITY LOAN DOCUMENTS ON YOUR BEHALF,
THIS POWER OF ATTORNEY MUST BE SIGNED BY YOU AT THE OFFICE OF THE
LENDER, AN ATTORNEY AT LAW, OR A TITLE COMPANY.

You should select someone you trust to serve as your agent. Unless you specify otherwise,
generally the agent's authority will continue until:

(1) you die or revoke the power of attorney;

(2) your agent resigns or is unable to act for you; or

(3) a guardian is appointed for your estate.

### DESIGNATION OF AGENT

I, ANDY TRINIDAD, of 6726 Kingsley Edge, San Antonio, Texas, 78252, telephone number
210-483-3182, and email address andytr210@gmail.com, appoint Trinidad, Andy E, of 6726
Kingsley Edge, San Antonio, Texas, 78252, telephone number 210-483-3182, and email
address andytr210@gmail.com, as my Agent (or "Attorney-in-fact") to act on my behalf in any
lawful way with respect to all of the following powers that I have listed below.

### REVOCATION OF PAST POWER OF ATTORNEY

I hereby revoke or terminate any and all general powers of attorney and special powers of
attorney that have been previously signed by me.

### GRANT OF GENERAL AUTHORITY

Page 1 of 8



# Federal Reserve Act

## Section 16. Note Issues

### 1. Issuance of Federal Reserve notes; nature of obligation; where redeemable

Federal reserve notes, to be issued at the discretion of the Board of Governors of the Federal Reserve System for the purpose of making advances to Federal reserve banks through the Federal reserve agents as hereinafter set forth and for no other purpose, are hereby authorized. The said notes shall be obligations of the United States and shall be receivable by all national and member banks and Federal reserve banks and for all taxes, customs, and other public dues. They shall be redeemed in lawful money on demand at the Treasury Department of the United States, in the city of Washington, District of Columbia, or at any Federal Reserve bank.

[12 USC 411. As amended by act of Jan. 30, 1934 (48 Stat. 337). For redemption of Federal reserve notes whose bank of issue cannot be identified, see act of June 13, 1933.]

### 2. Application for notes by Federal Reserve banks

Any Federal Reserve bank may make application to the local Federal Reserve agent for such amount of the Federal Reserve notes hereinbefore provided for as it may require. Such application shall be accompanied with a tender to the local Federal Reserve agent of collateral in amount equal to the sum of the Federal Reserve notes thus applied for and issued pursuant to such application. The collateral security thus offered shall be notes, drafts, bills of exchange, or acceptances acquired under section 10A, 10B, 13, or 13A of this Act, or bills of exchange endorsed by a member bank of any Federal Reserve district and purchased under the provisions of section 14 of this Act, or bankers' acceptances purchased under the provisions of said section 14, or gold certificates, or Special Drawing Right certificates, or any obligations which are direct obligations of, or are fully guaranteed as to principal and interest by, the United States or any agency thereof, or assets that Federal Reserve banks may purchase or hold under section 14 of this Act or any other asset of a Federal reserve bank. In no event shall such collateral security be less than the amount of Federal Reserve notes applied for. The Federal Reserve agent shall each day notify the Board of Governors of the Federal Reserve System of all issues and withdrawals of Federal Reserve notes to and by the Federal Reserve bank to which he is accredited. The said Board of Governors of the Federal Reserve System may at any time call upon a Federal Reserve bank for additional security to protect the Federal Reserve notes issued to it. Collateral shall not be required for Federal Reserve notes which are held in the vaults of, or are otherwise held by or on behalf of, Federal Reserve banks.

[12 USC 412. As amended by the acts of Sept. 7, 1916 (39 Stat. 754); June 21, 1917 (40 Stat. 236); Feb. 27, 1932 (47 Stat. 57); Feb. 3, 1933 (47 Stat. 794); Jan. 30, 1934 (48 Stat. 338); March 6, 1934 (48 Stat. 991); June 30, 1941 (55 Stat. 395); May 25, 1943 (57 Stat. 85); June 12, 1945 (59 Stat. 237); June 19, 1968 (82 Stat. 189); Nov. 10, 1978 (92 Stat. 3672); March 31, 1980 (94 Stat. 140); Dec. 6, 1999 (113 Stat. 1638); and Oct. 28, 2003 (117 Stat. 1193).]

### 3. Distinctive letter on notes; destruction of unfit notes

*Exhibit A*

## IMPORTANT INFORMATION FOR AGENT

**Agent's Duties**

When you accept the authority granted under this power of attorney, you establish a "fiduciary" relationship with the principal. This is a special legal relationship that imposes legal duties on you that continue until you resign or the power of attorney is terminated, suspended, or revoked by the principal or by operation of law. A fiduciary duty generally includes the duty to:

(1) act in good faith;

(2) do nothing beyond the authority granted in this power of attorney;

(3) act loyally for the principal's benefit;

(4) avoid conflicts that would impair your ability to act in the principal's best interest; and

(5) disclose your identity as an agent when you act for the principal by writing or printing the name of the principal and signing your own name as "agent" in the following manner:

   (Principal's Name) by (Your Signature) as Agent

In addition, the Durable Power of Attorney Act (Subtitle P, Title 2, Estates Code) requires you to:

(1) maintain records of each action taken or decision made on behalf of the principal;

(2) maintain all records until delivered to the principal, released by the principal, or discharged by a court; and

(3) if requested by the principal, provide an accounting to the principal that, unless otherwise directed by the principal or otherwise provided in the Special Instructions, must include:

(A) the property belonging to the principal that has come to your knowledge or into your possession;



Exhibit A

(B) each action taken or decision made by you as agent;

(C) a complete account of receipts, disbursements, and other actions of you as agent that includes the source and nature of each receipt, disbursement, or action, with receipts of principal and income shown separately;

(D) a listing of all property over which you have exercised control that includes an adequate description of each asset and the asset's current value, if known to you;

(E) the cash balance on hand and the name and location of the depository at which the cash balance is kept;

(F) each known liability;

(G) any other information and facts known to you as necessary for a full and definite understanding of the exact condition of the property belonging to the principal; and

(H) all documentation regarding the principal's property.

**Termination of Agent's Authority**

You must stop acting on behalf of the principal if you learn of any event that terminates or suspends this power of attorney or your authority under this power of attorney. An event that terminates this power of attorney or your authority to act under this power of attorney includes:

(1) the principal's death;

(2) the principal's revocation of this power of attorney or your authority;

(3) the occurrence of a termination event stated in this power of attorney;

(4) if you are married to the principal, the dissolution of your marriage by a court decree of divorce or annulment or declaration that your marriage is void, unless otherwise provided in this power of attorney;

*Exhibit A*

(5) the appointment and qualification of a permanent guardian of the principal's estate, unless a court order provides otherwise; or

(6) if ordered by a court, your removal as agent (attorney in fact) under this power of attorney. An event that suspends this power of attorney or your authority to act under this power of attorney is the appointment and qualification of a temporary guardian, unless a court order provides otherwise.

**Liability of Agent**

The authority granted to you under this power of attorney is specified in the Durable Power of Attorney Act (Subtitle P, Title 2, Estates Code). If you violate the Durable Power of Attorney Act or act beyond the authority granted, you may be liable for any damages caused by the violation or subject to prosecution for misapplication of property by a fiduciary under Chapter 32 of the Texas Penal Code.

THE AGENT, BY ACCEPTING OR ACTING UNDER THE APPOINTMENT, ASSUMES THE FIDUCIARY AND OTHER LEGAL RESPONSIBILITIES OF AN AGENT.

*Exhibit A*

I grant my agent(s) general authority to act for me with respect to the following subjects:

- Real property transactions (the Durable Power of Attorney will need to be recorded if the agent uses it with respect to a real property transaction)
- Tangible personal property transactions
- Stock and bond transactions
- Commodity and option transactions
- Banking and other financial institution transactions
- Business operating transactions
- Insurance and annuity transactions
- Estate, trust, and other beneficiary transactions
- Claims and litigation
- Personal and family maintenance
- Benefits from social security, Medicare, Medicaid, or other governmental programs or civil or military service
- Retirement plan transactions
- Tax matters
- Digital assets and the content of an electronic communication

## GRANT OF SPECIFIC AUTHORITY

(CAUTION: Granting any of the following will give your agent the authority to take actions that could significantly reduce your property or change how your property is distributed at your death. CHOOSE ONLY the specific authority you WANT to give your agent.)

- Create, amend, revoke, or terminate an inter vivos trust

- Make a gift, subject to the limitations of Section 751.032 of the Durable Power of Attorney Act (Section 751.302, Estates Code) and any special instructions in this power of attorney

- Create or change rights of survivorship

- Create or change a beneficiary designation

- Authorize another person to exercise the authority granted under this Power of Attorney



## SPECIAL INSTRUCTIONS

The powers granted to my Agent are limited and/or expanded by the following special instructions:

Do your job good and I got something for you

SPECIAL INSTRUCTIONS APPLICABLE TO AGENT COMPENSATION: My agent is entitled to reimbursement of reasonable expenses incurred on my behalf and to compensation that is reasonable under the circumstances.

## EFFECTIVE DATE

This Power of Attorney takes effect immediately and shall not be affected by my disability or lack of mental competence, except as may be provided otherwise by an applicable state statute. This is a Durable Power of Attorney. This Power of Attorney may be revoked by me at any time by providing written notice to my Agent.

I shall be considered disabled or incapacitated for purposes of this power of attorney if a physician certifies in writing at a date later than the date this power of attorney is executed that, based on the physician's medical examination of me, I am mentally incapable of managing my financial affairs. I authorize the physician who examines me for this purpose to disclose my physical or mental condition to another person for purposes of this power of attorney. A third party who accepts this power of attorney is fully protected from any action taken under this power of attorney that is based on the determination made by a physician of my disability or incapacity.

This power of attorney continues until I revoke it, or it is terminated by my death or other event described in Subtitle P, Title 2 of the Texas Estates Code.

I agree that any third party who receives a copy of this document may act under it. Termination of this durable power of attorney is not effective as to a third party until the third party has actual knowledge of the termination. I agree to indemnify the third party for any claims that arise against the third party because of reliance on this power of attorney. The meaning and effect of this durable power of attorney is determined by Texas law.

Signed this __2nd__ day of __May_____, __2023_____, at San Antonio, Texas.

Exhibit A

_Trinidad Andy_
Trinidad Andy (May 2, 2023 16:03 CDT)

**ANDY TRINIDAD**



COMMONWEALTH OF VIRGINIA,
CHESTERFIELD COUNTY,

This document, a Durable Power of Attorney, consisting of 8 pages, was
acknowledged before me on May 2, 2023  by ANDY ESTRADA TRINIDAD.

*This notarization was performed remotely.*


(signature of notarial officer)

CRYSTAL ANDREA BURGESS
Electronic Notary Public
Commonwealth of Virginia
Registration No. 7972582
My Commission Expires Feb 28, 2026

(Seal, if any, of notary) _____


Crystal Andrea Burgess
(printed name)
My commission expires: 02/28/2026