UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| ANDY E. TRINIDAD, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | SA-23-CV-1212-OLG (HJB) |
| | § | |
| LOANCARE , LLC, | § | |
| | § | |
| Defendant. | § | |

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

**To the Honorable United States District Judge Orlando L. Garcia:**

This Report and Recommendation concerns the status of the above case, which was referred to the undersigned for consideration of pretrial matters pursuant to 28 U.S.C. § 636(b). (Docket Entry 6.)   For the reasons set forth below, the Court lacks subject matter jurisdiction over this case.  Accordingly, I recommend that it be **DISMISSED WITHOUT PREJUDICE**, and that Defendant's Motion to Dismiss (Docket Entry 5) and Plaintiff's Motion to Amend Complaint (Docket Entry 12) be **DENIED AS MOOT**.

**I.      Background.**

Proceeding *pro se*, Plaintiff filed this action against Defendant LoanCare, LLC, using a form complaint for breach of contract apparently arising from property loans.  (Docket Entry 1.) The title of the complaint asserted that the Court has jurisdiction based on diversity of citizenship pursuant to 28 U.S.C.  § 1332.  (*Id.* at 1.)  However, Plaintiff's complaint nowhere addressed the citizenship of the parties, other than indicating a Virginia address for Defendant.  (*Id.* at 2.)   This was insufficient; for limited liability companies like  Defendant, citizenship is determined by the

citizenship of the company's members,[1] a matter which was not addressed in Plaintiff's complaint. Plaintiff also cited the Federal Reserve Act, apparently alleging, in addition to breach of contract, federal liability for civil penalties under that Act. (*Id.* at 4.)

Defendant has moved to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(6), arguing that Plaintiff has not stated a claim for breach of contract and, more generally, that his claims were "incoherent and legally baseless." (Docket Entry 5, at 2.) After being ordered to respond to Defendant's motion (Docket Entry 6), Plaintiff filed a response that provided no explanation as to how the complaint alleged a breach of contract or any other claim over which the court has jurisdiction. (*See* Docket Entry 7.) Instead, the response cited another statutory provision, 12 U.S.C. § 1431, referring to it as the "Bill of Exchange Act" but failing to explain the Court's jurisdiction to consider it. (*Id.* at 1.)

The undersigned subsequently issued an order, explaining that Plaintiff had alleged neither a basis for diversity jurisdiction under § 1332 nor a basis federal question jurisdiction under 28 U.S.C. § 1331. (Docket Entry 11.) In addition to pointing out Plaintiff's failure to allege Defendant's citizenship, the order explained that neither the Federal Reserve Act nor the Bill of Exchange Act provide a private right of action. (*Id.* at 3.) As a *pro se* litigant, Plaintiff was entitled to an opportunity to amend his complaint so as to state a claim for relief over which this Court could exercise jurisdiction. *See Neitzke v. Williams*, 490 U.S. 319, 329 (1989). Accordingly, the order required Plaintiff to file an amended complaint sufficient to state a claim over which the Court could exercise jurisdiction. (*Id.* at 4.)

Plaintiff responded by filing a motion to amend his complaint. (Docket Entry 12.) The motion states that the action is for breach of contract, that Plaintiff is a resident of Texas, and that

---

[1] *MidCap Media Fin., LLC v. Pathway Data, Inc.*, 929 F.3d 310, 314 (5th Cir. 2019).

2

Defendant "is a business entity registered to do business . . . in the state of Texas." (*Id*. at 1.)  The motion presented no further information as to the parties' citizenship, and no further claims regarding the violation of federal law.

Defendant opposed the motion to amend and renewed its motion to dismiss, arguing, *inter alia*, that Plaintiff had failed to demonstrate the Court's diversity or other jurisdiction over the case.  (Docket Entry 13.)

**II.    Discussion.**

A federal complaint must contain "a short and plain statement of the grounds for the court's jurisdiction."  Fed. R. Civ. P. 8(a)(1).  This is because federal courts have "limited jurisdiction," and they "possess only that power authorized by Constitution and statute."  *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).  Accordingly, federal courts have an independent duty to examine their own subject-matter jurisdiction. *See Ruhrgas AG v. Marathon Oil Co*., 526 U.S. 574, 583–84 (1999).  And "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."  FED. R. CIV. P. 12(h)(3).

In this case, despite having been given multiple opportunities to state a basis for the Court's jurisdiction, Plaintiff has failed to do so.   His latest pleading appears to abandon any claim that the case presents a federal question over which the court would have jurisdiction pursuant to 28 U.S.C. § 1331.  (Docket Entry 12.)  And despite an order explaining the citizenship allegations required for diversity jurisdiction under 28 U.S.C. § 1332, Plaintiff has again failed to properly allege either his own or Defendant's citizenship.  As the proponent of federal court jurisdiction, Plaintiff "bears the burden of establishing subject matter jurisdiction."  *Physicians Hosps. of Am. v. Sebelius*, 691 F.3d 649, 652 (5th Cir. 2012).  Plaintiff has clearly failed to meet that burden here.

Defendant has sought that Plaintiff's complaint be dismissed on its merits, for failure to state a claim under Federal Rule if Civil Procedure 12(b)(6).  However, when a complaint could be dismissed for both lack of jurisdiction and failure to state a claim, the court should dismiss only on the jurisdictional ground, without reaching the merits under Rule 12(b)(6)—a practice that "prevents courts from issuing advisory opinions." *Crenshaw-Logal v. City of Abilene, Tex.*, 436 F. App'x 306 (5th Cir. 2011).  This practice "also prevents courts without jurisdiction 'from prematurely dismissing a case with prejudice.'" *Id*. (quoting *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001)).  Accordingly, the Court should dismiss this case without prejudice for lack or jurisdiction, and deny both Defendant's motion to dismiss and Plaintiff's motion to amend as moot.

### III.    Conclusion and Recommendation.

As the amended complaint does not demonstrate how the Court has subject matter jurisdiction, I recommend that this case be **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction pursuant to Rules 8(a)(1) and 12(h)(3).  Defendant's motion to dismiss (Docket Entry 6) and Plaintiff's motion to amend complaint (Docket Entry 12) should be **DENIED AS MOOT.**

### IV.    Notice of Right to Object.

The United States District Clerk shall serve a copy of this Report and Recommendation on all parties by either (1) electronic transmittal to all parties represented by attorneys registered as a "filing user" with the Clerk of Court, or (2) by mailing a copy to those not registered by certified mail, return receipt requested.  Written objections to this Report and Recommendation must be filed within **fourteen (14) days** after being served with a copy of the same, unless this time period is modified by the District Court.  28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).

The parties shall file any objections with the Clerk of the Court and serve the objections on all other parties.  Absent leave of Court, **objections are limited to 20 pages in length**.  An objecting party must specifically identify those findings, conclusions, or recommendations to which objections are being made and the basis for such objections; the district court need not consider frivolous, conclusory, or general objections.  *Battle v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation shall bar the party from a *de novo* review by the District Court.  *Thomas v. Arn*, 474 U.S. 140, 149–52 (1985); *Acuña v. Brown & Root, Inc.*, 200 F.3d 335, 340 (5th Cir. 2000).  Additionally, failure to file timely written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation shall bar the aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to, proposed findings and conclusions accepted by the district court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc).

**SIGNED** on May 31, 2024

_____
Henry J. Bemporad
United States Magistrate Judge